GREENBERG TAURIG, LLP
JASON R. LINDSAY (SBN 222532)
RYAN C. BYKERK (SBN 274534)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310.586.7700
Facsimile: 310.586.7800
Email: lindsayj@gtlaw.com
bykerkr@gtlaw.com

Attorneys for Defendant Wells Fargo Advisors, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKER FILM FUND, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WEATHERVANE PRODUCTIONS, INC., a Nevada Corporation; FORREST CAPITAL PARTNERS, INC., a Florida corporation; WELLS FARGO ADVISORS, LLC, a Delaware limited liability company; WELLS FARGO BANK, N.A., a national association; JASON VAN EMAN, an individual; BENJAMIN MCCONLEY, an individual; BENJAMIN RAFAEL, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-07979-PSG (PLAx)<br><br>Hon. Philip S. Gutierrez<br><br>**WELLS FARGO ADVISORS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**[Jury Trial Demanded]**<br><br>Action Filed: September 21, 2016<br>Action Removed: October 26, 2016 |

Defendant Wells Fargo Advisors, LLC ("Wells Fargo Advisors" or "Defendant") responds to Plaintiff Baker Film Fund, LLC's ("Plaintiff") First Amended Complaint ("FAC") [Dkt. No. 45] as follows:

## SUMMARY OF THE ACTION

1. Defendant denies the allegations in paragraph 1 pertaining to Wells Fargo Advisors, including those set forth in subparagraphs. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 1, and denies them on that basis, including those set forth in subparagraphs.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, and denies them on that basis.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and denies them on that basis.

4. By stipulation dated March 20, 2017, Plaintiff and Wells Fargo Advisors struck Plaintiff's punitive damages allegations without prejudice, including paragraph 4 of the FAC. Accordingly, no response is required as to the allegations in paragraph 4.

5. Upon information and belief, Defendant admits that Plaintiff is a limited liability company. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5, and denies them on that basis.

6. Upon information and belief, Defendant admits that Weathervane Productions, Inc. ("Weathervane") is a Nevada corporation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6, and denies them on that basis.

7. Defendant denies that Forrest Capital Partners, Inc. ("FCP") is a limited liability company. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7, and denies them on that basis.

8. Defendant admits that it is a Delaware limited liability company, and that it conducts business in California. Defendant lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations in paragraph 8, and denies them on that basis.

9. Upon information and belief, Defendant admits that defendant Wells Fargo Bank, N.A. ("Wells Fargo Bank") is a national association, and that it conducts business in the County of Los Angeles. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9, and denies them on that basis.

10. Upon information and belief, Defendant admits that Jason Van Eman ("Van Eman") is a resident of the State of Oklahoma. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10, and denies them on that basis.

11. Upon information and belief, Defendant admits that Benjamin McConley ("McConley") is a resident of the State of Florida. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11, and denies them on that basis.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and denies them on that basis.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and denies them on that basis.

14. The allegations in paragraph 14 of the FAC are legal assertions or conclusions that do not require responsive pleading. To the extent the allegations require a response, they are denied

15. The allegations in paragraph 15 of the FAC are legal assertions or conclusions that do not require responsive pleading. To the extent the allegations require a response, they are denied.

//

## THE AGREEMENT AND DEFENDANTS' INITIAL MISREPRESENTATIONS

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and denies them on that basis.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

## DEFENDANTS' BREACHES OF THE AGREEMENT AND FURTHER MISPRESENTATIONS

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and denies them on that basis.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and denies them on that basis.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies Benjamin Rafael ("Rafael") acted "on behalf of…[Wells Fargo Advisors]." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 24, and denies them on that basis.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25, and denies them on that basis.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and denies them on that basis

## FIRST CAUSE OF ACTION

**(For Breach of Contract – Against Weathervane and FCP)**

27. Defendant incorporates its responses to paragraphs 1 through 26, inclusive, as though set forth fully herein.

28. The allegations of Count 1 are not asserted against Wells Fargo Advisors. To the extent a response is necessary, Defendant responds that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28, and denies them on that basis.

29. The allegations of Count 1 are not asserted against Wells Fargo Advisors. To the extent a response is necessary, Defendant responds that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29, and denies them on that basis.

30. The allegations of Count 1 are not asserted against Wells Fargo Advisors. To the extent a response is necessary, Defendant responds that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30, and denies them on that basis.

31. The allegations of Count 1 are not asserted against Wells Fargo Advisors. To the extent a response is necessary, Defendant responds that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31, and denies them on that basis.

32. The allegations of Count 1 are not asserted against Wells Fargo Advisors. To the extent a response is necessary, Defendant responds that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32, and denies them on that basis.

33. The allegations of Count 1 are not asserted against Wells Fargo Advisors. To the extent a response is necessary, Defendant responds that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33, and denies them on that basis.

## SECOND CAUSE OF ACTION

**(For Fraud – Against All Defendants)**

34. Defendant incorporates its responses to paragraphs 1 through 33, inclusive, as though set forth fully herein.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and denies them on that basis.

43. By stipulation dated March 20, 2017, Plaintiff and Wells Fargo Advisors struck Plaintiff's punitive damages allegations without prejudice, including paragraph 43 of the FAC. Accordingly, no response is required as to the allegations in paragraph 43.

### THIRD CAUSE OF ACTION

### (For Negligent Misrepresentation – Against All Defendants)

44. Defendant incorporates its responses to paragraphs 1 through 33, inclusive, as though set forth fully herein.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, and denies them on that basis.

50. Defendant denies the allegations in paragraph 50.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51, and denies them on that basis.

### AFFIRMATIVE DEFENSES

In further response to Plaintiff's FAC, Defendant alleges the following separate and distinct affirmative defenses, without conceding that it bears the burden of proof or burden of persuasion as to any of them.

### First Affirmative Defense
### (Failure to State a Cause of Action)

Neither Plaintiff's FAC nor any purported cause of action alleged therein states facts sufficient to state a cause of action against Defendant.

### Second Affirmative Defense
### (Statute of Limitations)

Plaintiff's claims and requests for relief are barred, in whole or in part, by the applicable statutes of limitations.

### Third Affirmative Defense
### (Equitable Doctrines)

Plaintiff's claims and requests for relief are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

### Fourth Affirmative Defense
### (Failure to Mitigate)

Plaintiff's claims and requests for relief are barred, in whole or in part, because Plaintiff failed to mitigate or avoid damages, if any.

### Fifth Affirmative Defense
### (Compliance with Laws)

Plaintiff's claims are barred because Defendant's conduct alleged complies, or at least substantially complies, with applicable laws and regulations.

### Sixth Affirmative Defense
### (Reservation of Rights)

Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on other applicable affirmative defenses as may later become available or apparent. Defendant further reserves the right to amend

its Answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery. Nothing stated herein constitutes a concession as to whether or not Defendant bears the burden of proof on any issue.

## RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff Baker Film Fund, LLC as follows:

    A.    That Plaintiff takes nothing by its FAC on file herein;

    B.    That Plaintiff's requests for general damages, special damages, attorneys' fees, interest, and costs of suit be denied;[1]

    C.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

    D.    That Defendant be awarded reasonable attorneys' fees according to proof;

    E.    That Defendant be awarded the costs of suit incurred herein; and

    F.    That Defendant be awarded such other relief as the Court may deem just and proper.

## JURY DEMAND

Defendant request a trial by jury.

Dated: March 20, 2017        Respectfully Submitted,

GREENBERG TRAURIG, LLP

By:    /s/ *Jason Lindsay*
    Jason R. Lindsay
    Ryan C. Bykerk
Attorneys for Wells Fargo Advisors, LLC

---

[1] Plaintiff's request for punitive damages is stricken as to Wells Fargo Advisors by stipulation of March 20, 2017 [Dkt. 46].