BARTON, KLUGMAN & OETTING LLP
Tod V. Beebe, A Professional Corporation (100265)
Mark A. Newton, A Professional Corporation (126119)
350 South Grand Avenue
Suite 2200
Los Angeles, CA 90071-3485
Telephone: 213-621-4000
Facsimile: 213-625-1832
E-mail: tbeebe@bkolaw.com
mnewton@bkolaw.com

Attorneys for Defendants
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKER FILM FUND, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> WEATHERVANE PRODUCTIONS, INC., a Nevada corporation; FORREST CAPITAL PARTNERS, INC., a Florida corporation; WELLS FARGO ADVISORS, LLC, a Delaware limited liability company; WELLS FARGO BANK, N.A., a national association; JASON VAN EMAN, an individual; BENJAMIN MCCONLEY, an individual; and BENJAMIN RAFAEL, an individual, <br><br> Defendants. | Case No. 2:16-cv-07979-PSG (PLAx) <br><br> Hon. Philip S. Gutierrez <br> Courtroom 6A <br><br> **DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO FIRST AMENDED COMPLAINT** <br><br> [JURY TRIAL DEMANDED] <br><br> Action Filed:   September 21, 2016 <br> Action Removed: October 26, 2016 |

COMES NOW, WELLS FARGO BANK, NATIONAL ASSOCIATION ("WELLS FARGO BANK" or "Defendant") and severing itself from all other defendants, by way of answer to the First Amended Complaint admits, denies and alleges as follows:

## SUMMARY OF THE ACTION

1. Answering paragraph 1 of the First Amended Complaint ("FAC"), Defendant denies the allegations in this paragraph pertaining to WELLS FARGO

1

BANK, including those set forth in subparagraphs.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

2. Answering paragraph 2 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

3. Answering paragraph 3 of the FAC, Defendant denies the allegations in this paragraph pertaining to WELLS FARGO BANK.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

4. Answering paragraph 4 of the FAC, by stipulation dated March 21, 2017 entered between defendant and Plaintiff [Docket #46].  Plaintiff has stricken the punitive damages allegations from the FAC, without prejudice, including the allegations regarding those claims in this paragraph as to this Defendant.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

## THE PARTIES

5. Answering paragraph 5 of the FAC, upon information and belief, Defendant admits the allegations in this paragraph.

6. Answering paragraph 6 of the FAC, upon information and belief, Defendant admits that Weathervane Productions, Inc. ("Weathervane") is a Nevada corporation.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

7. Answering paragraph 7 of the FAC, Defendant denies that Forrest Capital Partners, Inc. ("FCP") is a limited liability company. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

8. Answering paragraph 8 of the FAC, Defendant admits that Wells Fargo Advisors ("WFA") is a Delaware limited liability company which conducts business within the County of Los Angeles, State of California. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

9. Answering paragraph 9 of the FAC, Defendant admits that it is a national banking association which conducts business within the County of Los Angeles, State of California and that Benjamin Rafael ("Rafael") was at certain times an employee of WELLS FARGO BANK. Defendant denies that Rafael was a managing agent of WELLS FARGO BANK. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

10. Answering paragraph 10 of the FAC, upon information and belief, Defendant admits that Jason Van Eman ("Van Eman") is a resident of the State of Oklahoma. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

11. Answering paragraph 11 of the FAC, upon information and belief, Defendant admits that Benjamin McConley ("McConley") is a resident of the State of Florida. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

12. Answering paragraph 12 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

13. Answering paragraph 13 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

///

14. Answering paragraph 14 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

15. Answering paragraph 15 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

16. Answering paragraph 16 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

17. Answering paragraph 17 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

18. Answering paragraph 18 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

19. Answering paragraph 19 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

20. Answering paragraph 20 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

21. Answering paragraph 21 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

22. Answering paragraph 22 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

///

23. Answering paragraph 23 of the FAC, Defendant denies the allegations of this paragraph.

24. Answering paragraph 24 of the FAC, Defendant denies the allegations of this paragraph.

25. Answering paragraph 25 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

26. Answering paragraph 26 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

## BY WAY OF ANSWER TO THE FIRST CLAIM FOR RELIEF, DEFENDANT ADMITS, DENIES AND ALLEGES:

27. Answering paragraph 27 of the FAC, Defendant incorporates its responses to paragraphs 1 through 26, inclusive, as though set forth fully herein.

28. Answering paragraph 28 of the FAC, the allegations of Count 1 are not asserted against WELLS FARGO BANK. To the extent a response is necessary, Defendant responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

29. Answering paragraph 29 of the FAC, the allegations of Count 1 are not asserted against WELLS FARGO BANK. To the extent a response is necessary, Defendant responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

30. Answering paragraph 30 of the FAC, the allegations of Count 1 are not asserted against WELLS FARGO BANK. To the extent a response is necessary, Defendant responds that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis

1  denies them.

2      31. Answering paragraph 31 of the FAC, the allegations of Count 1 are
3  not asserted against WELLS FARGO BANK. To the extent a response is
4  necessary, Defendant responds that it lacks knowledge or information sufficient to
5  form a belief about the truth of the allegations in this paragraph and on that basis
6  denies them.

7      32. Answering paragraph 32 of the FAC, the allegations of Count 1 are
8  not asserted against WELLS FARGO BANK. To the extent a response is
9  necessary, Defendant responds that it lacks knowledge or information sufficient to
10 form a belief about the truth of the allegations in this paragraph and on that basis
11 denies them.

12     33. Answering paragraph 33 of the FAC, the allegations of Count 1 are
13 not asserted against WELLS FARGO BANK. To the extent a response is
14 necessary, Defendant responds that it lacks knowledge or information sufficient to
15 form a belief about the truth of the allegations in this paragraph and on that basis
16 denies them.

17     <u>BY WAY OF ANSWER TO THE SECOND CLAIM FOR RELIEF,</u>
18     <u>DEFENDANT ADMITS, DENIES AND ALLEGES</u>:

19     34. Answering paragraph 34 of the FAC, Defendant incorporates its
20 responses to paragraphs 1 through 33, inclusive, as though set forth fully herein.

21     35. Answering paragraph 35 of the FAC, Defendant lacks knowledge or
22 information sufficient to form a belief about the truth of the allegations in this
23 paragraph and on that basis denies them.

24     36. Answering paragraph 36 of the FAC, Defendant lacks knowledge or
25 information sufficient to form a belief about the truth of the allegations in this
26 paragraph and on that basis denies them.

27     37. Answering paragraph 37 of the FAC, Defendant denies the allegations
28 of this paragraph.

38. Answering paragraph 38 of the FAC, Defendant denies the allegations of this paragraph.

39. Answering paragraph 39 of the FAC, Defendant denies the allegations of this paragraph.

40. Answering paragraph 40 of the FAC, Defendant denies the allegations of this paragraph.

41. Answering paragraph 41 of the FAC, Defendant denies the allegations contained in this paragraph.

42. Answering paragraph 42 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

43. Answering paragraph 43 of the FAC, by stipulation dated March 21, 2017 entered between defendant and Plaintiff, [Docket #46] Plaintiff hast stricken the punitive damages allegations from the FAC, without prejudice, including the allegations in this paragraph.

<u>BY WAY OF ANSWER TO THE THIRD CLAIM FOR RELIEF, DEFENDANT ADMITS, DENIES AND ALLEGES</u>:

44. Answering paragraph 44 of the FAC, Defendant incorporates its responses to paragraphs 1 through 44, inclusive, as though set forth fully herein.

45. Answering paragraph 45 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

46. Answering paragraph 46 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

47. Answering paragraph 47 of the FAC, Defendant denies the allegations of this paragraph.

///

48. Answering paragraph 48 of the FAC, Defendant denies the allegations of this paragraph.

49. Answering paragraph 49 of the FAC, Defendant denies the allegations of this paragraph.

50. Answering paragraph 50 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

51. Answering paragraph 51 of the FAC, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's First Amended Complaint, Defendant alleges the following separate and distinct affirmative defenses:

### FOR A FIRST, SEPARATE AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

Plaintiffs' First Amended Complaint fails to state facts sufficient to constitute a cause of action against WELLS FARGO BANK.

### FOR A FURTHER, SEPARATE AND SECOND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

Plaintiff's claims and request for relief are barred, in whole or part, by the applicable statute of limitations.

### FOR A FURTHER, SEPARATE AND THIRD AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

If plaintiff suffered any damage, loss or detriment, it was directly and

proximately caused and contributed to by the negligence of plaintiffs in that plaintiff did not exercise that degree of care and caution which an ordinarily prudent person would exercise. Plaintiff is thereby completely barred from recovery by virtue of plaintiff's own negligence or, in the alternative, plaintiff's negligence reduces their right to relief to the same degree to which plaintiffs' negligence contributed to the damages claimed in plaintiffs' First Amended Complaint.

## FOR A FURTHER, SEPARATE AND FOURTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

Plaintiff inexcusably and unreasonably delayed the filing of this action to the prejudice of defendant WELLS FARGO BANK in that plaintiff had actual or constructive knowledge of the alleged wrongdoing of the co-defendants herein, and failed to act upon such actual or constructive knowledge.

## FOR A FURTHER, SEPARATE AND FIFTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

Plaintiff failed to take reasonable steps to mitigate its damages, if any, and therefore such damages are not recoverable to the extent they could have been avoided if the plaintiff had taken such reasonable steps.

## FOR A FURTHER, SEPARATE AND SIXTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

Plaintiff's claims and requests for relief are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

///
///
///

## FOR A FURTHER, SEPARATE AND SEVENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

Plaintiff's claims are barred because the conduct alleged complies, or at least substantially complies, with applicable laws and regulations.

## FOR A FURTHER, SEPARATE AND EIGHTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

Plaintiff's claims are barred in whole or in part because no act or omission by WELLS FARGO BANK was the cause in fact or the proximate cause of any damages alleged. Rather, any and all harm was caused by Plaintiff's own actions in failing to conduct an inquiry or perform adequate due diligence.

Additionally and alternatively, Plaintiff's alleged losses were caused by the independent actions of Defendants Benjamin McConley, Jason Van Eman, Forrest Capital Partners, Inc., and Weathervane Productions, Inc., which were not known or foreseen by WELLS FARGO BANK.

## FOR A FURTHER, SEPARATE AND NINTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

WELLS FARGO BANK and its employees were, at all relevant times, acting in good faith, without intent or fault, and as such, Plaintiff is barred from recovery on the Complaint, in whole or in part.

## FOR A FURTHER, SEPARATE AND TENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

Plaintiff's claims are barred under applicable agency principles and doctrines, including without limitation, those governing and addressing actual, apparent or implied authority; imputation; and the "adverse interest" exception. To the extent any employee or other agent of WELLS FARGO BANK made any

misrepresentations to Plaintiff regarding any other defendant or any other defendant's accounts at WELLS FARGO BANK, if any, such misrepresentations were made exclusively in his or her personal interest and not at the behest of or on behalf of WELLS FARGO BANK. Instead, any such employee did so adverse to WELLS FARGO BANK' interests.

## FOR A FURTHER, SEPARATE AND ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

Plaintiff's claims are barred because Plaintiff was not a customer of WELLS FARGO BANK, and therefore WELLS FARGO BANK owed no duty to Plaintiff.

## FOR A FURTHER, SEPARATE AND TWELFTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

Defendant is informed and believes and thereon alleges that Plaintiff has received payments from Defendants to this action, or those associated with Defendants or third parties, which payments mitigate and offset the damages claimed by Plaintiff herein.

## FOR A FURTHER, SEPARATE AND THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES:

WELLS FARGO BANK hereby reserves the right to assert any additional affirmative defenses that may be applicable to this action as further discovery and investigation may warrant.

WHEREFORE, defendant prays that:

1. Plaintiffs take nothing from WELLS FARGO BANK by reason of its First Amended Complaint herein;

2. Plaintiff's First Amended Complaint be dismissed with prejudice;

3. WELLS FARGO BANK be awarded its costs of suit incurred herein, and,

4. For such other and further relief as the Court may deem just and proper.

DATED: March 22, 2017

BARTON, KLUGMAN & OETTING LLP

By:   /s/ Tod V. Beebe
Tod V. Beebe, a Professional Corporation
Attorneys for Defendants
WELLS FARGO BANK, N.A.