MICHAEL LICARI (SBN 265241)
NAREK MNATSAKANIAN (SBN 313071)
D'Egidio Licari Townsend & Shah, APC
Attorneys at Law
7801 Mission Center Court Suite 240
San Diego, CA 92108
Telephone: (619) 550-3011
Facsimile: (877) 888-6304

Attorney for Weathervane Productions, Inc., Forrest Capital Partners, Inc., Jason van Eman, and Benjamin McConley

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BAKER FILM FUND, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WEATHERVANE PRODUCTIONS, INC., a Nevada corporation; FORREST CAPITAL PARTNERS, INC., a Florida corporation; WELLS FARGO ADVISORS, LLC, a Delaware limited liability company; WELLS FARGO BANK, N.A., a national association; JASON VAN EMAN, an individual; BENJAMIN MCCONLEY, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-07979 PSG (PLAx)<br><br>**DEFENDANTS WEATHERVANE PRODUCTIONS, INC.'S, FORREST CAPITAL PARTNERS, INC.'S, JASON VAN EMAN'S, AND BENJAMIN MCCONLEY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants Weathervane Productions, Inc. ("WVP"), Forrest Capital Partners, Inc. ("FCP"), Jason Van Eman ("Van Eman"), and Benjamin McConley ("McConley") (collectively the "Defendants") answer the First Amended Complaint ("Complaint") of Plaintiff Baker Film Fund, LLC's ("BFF") as follows:

### SUMMARY OF THE ACTION

1.  Defendants deny the allegation contained in Paragraph 1 of the

D'EGIDIO LICARI
TOWNSEND & SHAH,
APC
ATTORNEYS AT LAW
SAN DIEGO

1

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Complaint.

2. In response to Paragraph 2 of the Complaint, Defendants WVP and FCP admit WVP and FCP entered into a written financing agreement with BFF. Defendants are without sufficient knowledge or information to form a belief as to whether Plaintiff entered into the agreement in reliance on the warranties and representations of WVP, FCP and Wells Fargo, and on that basis, deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. Answering Paragraph 3 of the Complaint, Defendants admit BFF deposited $1,500,000.00. Defendants are without sufficient knowledge or information to form a belief as to whether BFF made an initial deposition of $1,500,000.00 in reliance on the warranties and representations of Defendants or whether BFF incurred pre-production expenses or legal costs, and on that basis, deny those allegations. Defendants deny that any alleged failed obligation, on Defendants' part, resulted in the cancellation of the production of the first motion picture and BFF losing any payments.

4. Answering Paragraph 4 of the Complaint, Defendants deny any wrongful and fraudulent conduct. Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 4 of the Complaint, and on that basis, deny those allegations.

## THE PARTIES

5. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and on that basis, deny those allegations.

6. Defendant WVP admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant FCP admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendants are without sufficient knowledge or information to form a

D'EGIDIO LICARI
TOWNSEND & SHAH,
APC
ATTORNEYS AT LAW
SAN DIEGO

2

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and on that basis, deny those allegations.

9. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis, deny those allegations.

10. Defendant Van Eman denies the allegations contained in Paragraph 10 of the Complaint, except Van Eman admits he is a resident of the State of Oklahoma, has conducted business in Los Angeles, California and is the president of WVP.

11. Defendant McConely denies the allegations contained in Paragraph 11 of the Complaint, except McConely admits he is a resident of the State of Florida, has conducted business in Los Angeles, California and is a director of FCP.

12. Defendants WVP and Van Eman deny the allegations contained in Paragraph 12 of the Complaint. Defendants FCP and McConley are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and on that basis, deny those allegations.

13. Defendants FCP and McConley deny the allegations contained in Paragraph 13 of the Complaint. Defendants WVP and Van Eman are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and on that basis, deny those allegations.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and on that basis, deny those allegations.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and on that basis, deny those allegations.

D'EGIDIO LICARI
TOWNSEND & SHAH,
APC
ATTORNEYS AT LAW
SAN DIEGO

3

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## THE AGREEMENT AND DEFENDANTS' INITIAL MISREPRESENTATIONS

16.  Defendants WVP and FCP admit entering into a written financing agreement with BFF. WVP and FCP admit the Agreement speaks for itself. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint, and on that basis, deny those allegations.

17.  Defendants WVP and FCP admit they represented to BFF that Wells Fargo set up project-specific accounts and managed those accounts according to the direction of the parties. WVP and FCP admit that they represented that Wells Fargo was prepared to financially back WVP's and FCP's financial obligations under the Agreement. Defendants deny representing that any securitized line of credit was already in place. Defendants Van Eman and McConley deny making any representations to BFF in their individual capacity. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint, and on that basis, deny those allegations.

18.  Defendants WVP and Van Eman admit to attending an in-person meeting with Jonathan Baker and Kevin Koloff. WVP and Van Eman are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint, and on that basis, deny those allegations. Defendants FCP and McConley deny being present during the in-person meeting with Jonathan Baker and Kevin Koloff. Defendants FCP and McConely are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Complaint, and on that basis, deny those allegations.

19.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint,

and on that basis, deny those allegations.

## DEFENDANTS' BREACHES OF THE AGREEMENT AND FURTHER MISREPRESENTATIONS

20. Defendants admit BFF deposited $1,500,000. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint, and on that basis, deny those allegations.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis, deny those allegations.

23. Defendants WVP and FCP admit they represented that Wells Fargo set up project-specific accounts and managed those accounts according to the direction of the parties. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and on that basis, deny those allegations.

24. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and on that basis, deny those allegations.

25. Defendants admit BFF deposited $1,000,000.00. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint, and on that basis, deny those allegations.

26. Defendants WVP and FCP deny failing to timely make matching contributions under the terms of the Agreement. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint, and on that basis, deny those

allegations.

## RESPONSE TO FIRST CAUSE OF ACTION

27. Answering Paragraph 27 of the Complaint, Defendants incorporate Defendants' responses to Paragraph 1 through 26 of the Complaint.

28. Answering Paragraph 28 of the Complaint, Defendants WVP and FCP admit they entered into a financing agreement with BFF. WVP and FCP admit the Agreement speaks for itself. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Complaint, on that basis, deny those allegations.

29. Answering Paragraph 29 of the Complaint, Defendants admit the allegations contained in Paragraph 29 of the Complaint, except Defendants are without knowledge or information to form a belief as to whether BFF placed its trust and confidence in WVP and FCP, and on that basis, deny that allegation.

30. Defendants deny the allegation contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegation contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegation contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegation contained in Paragraph 33 of the Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION

34. Answering Paragraph 34 of the Complaint, Defendants incorporate Defendants' responses in Paragraph 1 through 33 of the Complaint.

35. Defendants WVP and Van Eman admit to attending an in-person meeting with Jonathan Baker and Kevin Koloff. Defendants FCP and McConley deny being present during the in-person meeting with Jonathan Baker and Kevin Koloff. Defendants WVP and FCP admit they represented that Wells Fargo set up

project-specific accounts and managed those accounts according to the direction of the parties. WVP and FCP admit that they represented that Wells Fargo was prepared to financially back WVP and FCP's financial obligations under the Agreement. Defendants deny representing to BFF that any securitized line of credit was already in place. Defendants Van Eman and McConley deny making any representations to BFF in their individual capacity. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 35, and on that basis, deny those allegations.

36.   Defendants WVP and FCP admit they represented to BFF that Wells Fargo set up project-specific accounts and managed those accounts according to the direction of the parties. WVP and FCP admit that they represented that Wells Fargo was prepared to financially back WVP's and FCP's financial obligations under the Agreement. Defendants deny representing that any securitized line of credit was already in place. Defendants Van Eman and McConley deny making any representations to BFF in their individual capacity. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint, and on that basis, deny those allegations.

37.   Defendants WVP and FCP admit they represented to BFF that Wells Fargo set up project-specific accounts and managed those accounts according to the direction of the parties. WVP and FCP admit that they represented that Wells Fargo was prepared to financially back WVP's and FCP's financial obligations under the Agreement. Defendants deny representing that any securitized line of credit was already in place. Defendants Van Eman and McConley deny making any representations to BFF in their individual capacity. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint, and on that basis, deny those allegations.

38. Defendants WVP and FCP deny failing to timely make matching contributions under the terms of the Agreement. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Complaint, and on that basis, deny those allegations.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Answering Paragraph 40 of the Complaint, Defendants deny Defendants made any false representations to BFF. Defendants are without sufficient knowledge or information to form a belief as to whether BFF relied on any alleged representations made by Defendants to BFF, and on that basis, deny those allegations.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

**RESPONSE TO THIRD CAUSE OF ACTION**

44. Answering Paragraph 44 of the Complaint, Defendants incorporate Defendants' responses in Paragraphs 1 through 43 of the Complaint.

45. Defendants WVP and Van Eman admit to attending an in-person meeting with Jonathan Baker and Kevin Koloff. Defendants FCP and McConley deny being present during the in-person meeting with Jonathan Baker and Kevin Koloff. Defendants WVP and FCP admit they represented that Wells Fargo set up project-specific accounts and managed those accounts according to the direction of the parties. WVP and FCP admit that they represented that Wells Fargo was prepared to financially back WVP and FCP's financial obligations under the

8
DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1. Agreement. Defendants deny representing to BFF that any securitized line of credit was already in place. Defendants Van Eman and McConley deny making any representations to BFF in their individual capacity. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 45, and on that basis, deny those allegations.

46. Defendants WVP and FCP admit they represented to BFF that Wells Fargo set up project-specific accounts and managed those accounts according to the direction of the parties. WVP and FCP admit that they represented that Wells Fargo was prepared to financially back WVP's and FCP's financial obligations under the Agreement. Defendants deny representing that any securitized line of credit was already in place. Defendants Van Eman and McConley deny making any representations to BFF in their individual capacity. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Complaint, and on that basis, deny those allegations.

47. Defendants WVP and FCP admit they represented to BFF that Wells Fargo set up project-specific accounts and managed those accounts according to the direction of the parties. WVP and FCP admit that they represented that Wells Fargo was prepared to financially back WVP's and FCP's financial obligations under the Agreement. Defendants deny representing that any securitized line of credit was already in place. Defendants Van Eman and McConley deny making any representations to BFF in their individual capacity. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the Complaint, and on that basis, deny those allegations.

48. Defendants WVP and Van Eman admit to attending an in-person meeting with Jonathan Baker and Kevin Koloff. Defendants FCP and McConley deny being present during the in-person meeting with Jonathan Baker and Kevin

Koloff. Defendants WVP and FCP deny failing to timely make matching contributions under the terms of the Agreement. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 48 of the Complaint, and on that basis, deny those allegations.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants WVP and FCP admit they represented to BFF that Wells Fargo set up project-specific accounts and managed those accounts according to the direction of the parties. WVP and FCP admit that they represented that Wells Fargo was prepared to financially back WVP's and FCP's financial obligations under the Agreement. Defendants deny representing that any securitized line of credit was already in place. Defendants deny the remaining allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

**AFFIRMATIVE DEFENSES**

In addition to the foregoing denials, Defendants allege and assert the following defenses. By asserting these defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. No assertion of any defense is intended or may be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Compliant, and each purported cause of action contained therein, fails to state facts sufficient to constitute any claim upon which relief can be granted against Defendants. For example, the Complaint's second cause of action for fraud

is not pled specifically as it recites conclusory allegations. *See Stansfield v. Starkey*, 220 Cal.App.3d 59, 74 (1990) (holding that, in California, fraud must be pled specifically); *Nagy v. Nagy*, 210 Cal.App.3d 1262, 1268 (1989) (holding that general conclusory allegations are not sufficient for pleading fraud in California).

## SECOND AFFIRMATIVE DEFENSE
### (Good Faith Conduct)

At all times, Defendants acted in good faith and in accordance with reasonable professional and commercial standards, thereby precluding any recovery by Plaintiff under any cause of action for the conduct alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff would be unjustly enriched if granted any relief, whether legal or equitable, against Defendants.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

On information and belief, Plaintiff's causes of action, each and every one of them, are barred by Plaintiff's conduct.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

On information and belief, Plaintiff's causes of action, each and every one of them, are barred by Plaintiff's conduct.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

On information and belief, the doctrine of laches bars the claims of Plaintiff's Complaint in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Defendants deny that Plaintiff has been damaged in any manner as a result of

any acts or omissions by Defendants. However, if it should be determined that Plaintiff has been damaged, and Defendants found liable, Plaintiff's causes of action, each and every one of them, are barred, in whole or in part, to the extent that Plaintiff failed to mitigate its damages, or contributed to the prejudice or harm allegedly suffered by finding alternative funding sources.

## EIGHTH AFFIRMATIVE DEFENSE
(Independent Intervening Conduct)

Any damages sustained by Plaintiff were the direct and proximate result of the independent, intervening, negligent and unlawful conduct of independent third parties, such as Wells Fargo Bank, their agent, natural market forces, and not any act or omission on the part of Defendants.

## NINTH AFFIRMATIVE DEFENSE
(Causation by Others)

Plaintiff's damages, if any, were caused either wholly or in part by persons, firms, corporations, or entities, other than Defendants, such as Wells Fargo Bank, (including but not limited to Plaintiff itself), and the claims against Defendants are barred to that extent.

## TENTH AFFIRMATIVE DEFENSE
(Costs Passed on to Third Parties)

The Complaint's causes of action are barred to the extent that Plaintiff passed on any overcharge directly or indirectly to a third party.

## ELEVENTH AFFIRMATIVE DEFENSE
(Costs not Passed on to Plaintiff)

The Complaint's causes of action are barred to the extent that some other party absorbed any overcharge in whole or in part or otherwise paid any overcharged amount in whole or in part.

## TWELFTH AFFIRMATIVE DEFENSE
(Consent)

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

D'EGIDIO LICARI TOWNSEND & SHAH, APC
ATTORNEYS AT LAW
SAN DIEGO

On information and belief, Defendants allege that by reason of knowledge, statements, and conduct of the Plaintiff, Plaintiff consented to all actions complained of in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE
(False Claims)

Plaintiff's claims are barred as a matter of law as the Complaint makes numerous blatantly false claims, such as Plaintiff's second cause of action for fraud and third cause of action for negligent misrepresentation.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Ratification)

On information and belief, Plaintiff ratified and consented to Defendants' acts. Therefore, Plaintiff has no right to now complain.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Justification)

On information and belief, Defendants were acting at the direction, and at the discretion, of Wells Fargo Bank. Because Defendants were acting under the direction, and at the discretion, of Wells Fargo Bank, Defendants actions were justified.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Impossibility of Ascertaining Alleged Sums to be Restored)

The Complaint's causes of action are barred in whole or in part because the alleged sums to be restored to allegedly injured parties, if any, are speculative, and it is impossible to ascertain and allocate such alleged sums.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Plaintiff's Comparative Fault)

If Plaintiff sustained any damages or incurred any loss as alleged in the Complaint, the same was caused by Plaintiff's own conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

D'EGIDIO LICARI
TOWNSEND & SHAH,
APC
ATTORNEYS AT LAW
SAN DIEGO

13

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

(No Breach of Contract)

Defendants did not breach any contractual, general or other duty to Plaintiff.

### NINTEENTH AFFIRMATIVE DEFENSE

(Impossibility or Impracticability)

Plaintiff's claims are barred, in whole or in part, because Defendants' alleged duties as claimed in the Complaint, if any so existed, have been excused by the doctrine of impossibility in that the performance of said obligation is and has been rendered impossible and/or commercially impracticable to accomplish the purpose of the agreement alleged in the Complaint due to Wells Fargo Bank's, Plaintiff's and/or a third party's failure to meet a condition precedent in the alleged agreement.

### TWENTIETH AFFIRMATIVE DEFENSE

(Frustration of Purpose)

Plaintiff's claims are barred, in whole or in part, because the purpose of any alleged agreement has been frustrated as a matter of law due to Wells Fargo Bank's, Plaintiff's and/or a third party's failure to meet a condition precedent in the alleged agreement.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Unilateral Mistake of Fact)

Plaintiff's claims are barred, in whole or in part, because Defendants were mistaken about a material fact related to Wells Fargo Bank's, Plaintiff's and/or a third party's failure to meet a condition precedent contained in the alleged agreement and Plaintiff knew that Defendants were mistaken and used that mistake to take advantage of the Defendants.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Prevention of Performance)

Plaintiff's claims are barred, in whole or in part, because Plaintiff prevented Defendants from performing Defendants' obligations under any agreement alleged in the Complaint including but not limited to Wells Fargo Bank's, Plaintiff's and/or

a third party's failure to meet a condition precedent contained in the alleged agreement.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Anticipatory Repudiation)

Plaintiff's claims are barred, in whole or in part, by Plaintiff's anticipatory repudiation of at least one of the alleged agreements pleaded in the Complaint due to Wells Fargo Bank's, Plaintiff's and/or a third party's failure to meet a condition precedent contained in the alleged agreement.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure of Condition Precedent)

Plaintiff's claims are barred, in whole or in part, because Defendants' performance of at least one of the agreement contained in the Complaint was dependent upon the occurrence of a condition which did not occur due to Wells Fargo Bank's, Plaintiff's and/or a third party's failure.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Improper Notice of Breach)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to inform Defendants of any violation of at least one agreement contained in the Complaint, thereby denying Defendants the opportunity to fix any alleged violation.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Economic Loss Doctrine)

Plaintiff's claims are barred, in whole or in part, by the Economic Loss Doctrine because Plaintiff's claims and damages are limited to contract damages, not damages in tort; Plaintiff's first cause of action alleges breach of contract while Plaintiff's second and third causes of action allege fraud and negligent misrepresentation.

### RESERVATION OF RIGHTS

Defendants may have other affirmative defense of which they are presently

D'EGIDIO LICARI
TOWNSEND & SHAH,
APC
ATTORNEYS AT LAW
SAN DIEGO

15

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

unaware. Therefore, Defendants reserve the right to amend their Answer to the Complaint to allege additional affirmative defenses.

WHEREFORE, Defendants pray:

1. That judgment be entered in Defendants' favor and against Plaintiff;
2. That the Complaint and all causes of action therein be dismissed with prejudice;
3. For attorneys' fees and costs of suit; and
4. For such other relief that the Court deems just and proper.

DATED: March 22, 2017     D'EGIDIO LICARI TOWNSEND & SHAH, APC

By: */s/ Michael A. Licari*
 Michael A. Licari
 Attorney for Defendants Weathervane Productions, Inc., Forrest Capital Partners, Inc., Jason Van Eman, and Benjamin McConley

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, March 22, 2017, I electronically filed the foregoing document by using the Court's ECF system, thereby causing a true and correct copy thereof to be served upon counsel of record for each party to have appeared to date, as identified on the Notice of Electronic Filing.

DATED: March 22, 2017  D'EGIDIO LICARI TOWNSEND & SHAH, APC

By: */s/ Michael A. Licari*
Michael A. Licari
Attorney for Defendants Weathervane Productions, Inc., Forrest Capital Partners, Inc., Jason Van Eman, and Benjamin McConley